UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN WASHINGTON, ) | CASE NO. CV 10-3917-SVW (PJW) |
| Petitioner, ) | ORDER TO SHOW CAUSE WHY PETITION |
| v. ) | SHOULD NOT BE DISMISSED |
| BOARD OF PRISON TERM, et al., ) | |
| Respondent. ) | |

On May 25, 2010, Petitioner filed a Petition for Writ of Habeas Corpus, seeking release from the California Department of Corrections. (Petition at 1.) According to Petitioner, he was arrested on April 20, 2010, for absconding from parole. (Petition at 3.) He claims that he is being held unlawfully because the "maximum discharge date" for his parole period relating to the underlying felony, corporal injury to a spouse, which he pled guilty to in 2002, has been exceeded. (Petition at 2-4.)

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*,

455 U.S. 509, 518-22 (1982).  Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).  A district court may raise a failure to exhaust *sua sponte*.  *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner does not allege that he has presented his claim for relief to the California Supreme Court since being arrested one month ago.  Further, a check of the California Appellate Courts' website does not show any recent filings by Petitioner in the California Supreme Court.  Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Petitioner must first present his claims to the state supreme court, either through direct appeal or in a petition for habeas corpus, and have that court decide them on their merits before he can proceed in this Court.

1   IT IS THEREFORE ORDERED that, no later than June 18, 2010,
2 Petitioner shall inform the Court in writing why this case should not
3 be dismissed for failure to exhaust.  Failure to timely file a
4 response will result in a recommendation that this case be dismissed.

DATED: May  31 , 2010

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\WASHINGTON, A 3917\OSC dismiss pet.wpd